[No. 2965. Decided December 1, 1898 ]

ABRAM M. HYATT et al., Appellants, v. FANNIE B. LEWIS et al., Respondents.

APPEAL — EXAMINATION OF SURETIES ON BOND — RECORD — BRIEFS — REFERENCES TO TRANSCRIPT.

The testimony of sureties upon an appeal bond, taken on the court's examination as to their qualifications, under Bal. Code, § 6510 (Laws 1893, p. 123, § 11), need not be reduced to writing and attached to the judge's certificate, in the absence of a motion by the party aggrieved to have a record made thereof.

The rule of court requiring briefs to refer to the pages of the transcript for verification will not be rigidly enforced, when the transcript is short and the only error assigned is directed to the order of the court sustaining a demurrer to the complaint.

Appeal from Superior Court, Spokane County.—Hon.
LEANDER H. PRATHER, Judge. Reversed.

*Karnes, Holmes & Krauthoff,* and *Cyrus Happy,* for
appellants.

*W. A. Lewis,* for respondents.

PER CURIAM.—Respondents have moved the court to
dismiss this appeal upon two grounds: (1) Because, on
the examination of the sureties upon the appeal bond, the
testimony was not reduced to writing, and attached to the
certificate of the judge; and (2) because there is no refer-
ence made in appellants' brief to the pages of the tran-
script for verification. As to the first objection, the statute
(1 Bal. Code, § 6510, Laws 1893, p. 125, § 11) provides:

"At the time and place named in such notice,　.　.　.
the surety or sureties must attend before the court or
judge, and may be then and there examined in detail,
under oath, as to their property and other qualifications
as sureties, by any respondent or by the judge, or by both.
If the judge upon such examination is satisfied that the
surety or sureties are qualified as such, to the extent to
which they are required by section 6507 of this title to
make affidavit, then he shall make a certificate to that
effect indorsed upon or attached to the bond, which shall
thereupon stand as a sufficient appeal bond to the effect
expressed in the condition thereof."

The record shows that the proper certificate was made,
and we think there is no merit in the objection that the
testimony taken on the examination was not reduced to
writing. Undoubtedly it would be the right of a party
aggrieved by the holding of the judge to have a record
made, if he desired to avail himself of the conclusion
reached, but we fail to see that any question is presented
by this branch of the motion.

Second. The appeal in this case was from an order sus-
taining a demurrer to the complaint, and, as this is the

only error assigned and the transcript is very short, there is little occasion for the rigid enforcement of the rule requiring briefs to refer to the pages of the transcript for verification. *Froelich v. Morse,* 15 Wash. 636 (47 Pac. 22). The motion to dismiss must be denied.

On the merits, the question presented by the record was squarely passed upon in *Bettman v. Cowley,* 19 Wash. 207 (53 Pac. 53), decided by this court subsequent to the preparation of the briefs in this case. Upon the authority of that case, the judgment of the lower court must be reversed, and the cause remanded, with direction to overrule the demurrer to the complaint. It is so ordered.